Electronically Filed

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ALMOST FAMILY, INC., WILLIAM B. YARMUTH and C. STEVEN GUENTHNER, <br><br> Defendants. | : : : : : : : : : : : : : : : : : Civil Action No. 3:10-cv-520-H |

(Caption continued on following page)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE CONNECTICUT LABORERS' PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF <u>RELATED ACTIONS</u>**

| | | |
|---|---|---|
| KANDI STERLING, Individually and on Behalf of All Others Similarly Situated, | : : : : | |
| Plaintiff, | : : | Civil Action No. 3:10-cv-535-H |
| vs. | : : | |
| ALMOST FAMILY, INC., WILLIAM B. YARMUTH and C. STEVEN GUENTHNER, | : : : | |
| Defendants. | : : : | |
| BLAZE B. HUSTON, Individually and on Behalf of All Others Similarly Situated, | : : : : : | |
| Plaintiff, | : : | Civil Action No. 3:10-cv-540-S |
| vs. | : : | |
| ALMOST FAMILY, INC., WILLIAM B. YARMUTH and C. STEVEN GUENTHNER, | : : : | |
| Defendants. | : : : | |
| PETER BARCIA, Individually and on Behalf of All Others Similarly Situated, | : : : : : | |
| Plaintiff, | : : | Civil Action No. 3:10-cv-577-S |
| vs. | : : | |
| ALMOST FAMILY, INC., WILLIAM B. YARMUTH and C. STEVEN GUENTHNER, | : : : | |
| Defendants. | : : : : | |

**I.      INTRODUCTION**

The Connecticut Laborers' Pension Fund ("CT Laborers" or "Movant") suffered substantial losses as a result of its investment in the common stock of Almost Family, Inc. ("Almost Family") between August 5, 2008[1] and June 30, 2010, inclusive (the "Class Period"). Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA" or "Reform Act"), 15 U.S.C. § 78u-4(a)(3)(B), Movant now respectfully submits this memorandum of law in support of its motion for an Order: (1) appointing Movant as Lead Plaintiff on behalf of those who purchased shares of the common stock of Almost Family during the Class Period; (2) approving Movant's choice of the law firms of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel and Ewing, McMillin & Willis, PLLC ("Ewing McMillin") as Liaison Counsel for the Class; and (3) consolidating the above-captioned related actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Movant suffered losses of approximately $236,398.36 as a result of its investments in Almost Family, and is unaware of any other movant with greater losses. Thus, Movant is presumptively the "most adequate plaintiff" and should be appointed as Lead Plaintiff because it has "the largest financial interest in the relief sought by [the] class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movant is represented in this action by Cohen Milstein, which is eminently qualified to prosecute securities fraud claims such as these. Moreover, Movant has signed a

---

[1] This is the broadest Class Period defined in the complaints filed in the above-captioned actions. The *City of Livonia* and *Sterling* complaints each define class periods of November 4, 2009 through and including June 30, 2010. The *Huston* complaint defines a class period of August 5, 2009 through and including June 30, 2010. The *Barcia* complaint defines a class period of August 5, 2008 through and including June 30, 2010.

1

certification expressing its willingness and desire to serve as a representative party on behalf of the Class. Therefore, Movant should be appointed Lead Plaintiff in this action.

## II. BACKGROUND

The complaints filed in the Related Actions charge Almost Family and certain of its officers and directors with violations of Sections 10(b) and 20(a) of the Exchange Act. Almost Family is a provider of home health services.

The complaints allege that during the Class Period, defendants issued materially false and misleading statements regarding the Company's operations and its business and financial results and outlook. Defendants misled investors by failing to disclose that: (i) the Company was deliberately increasing the number of unnecessary home therapy visits in order to receive increased Medicare reimbursements; and (ii) as a result of defendants' conduct, the Company's reported sales and earnings were materially inflated. As a direct result of defendants' false statements, Almost Family's common stock traded at artificially inflated prices during the Class Period, reaching a high of $43.96 per share on April 29, 2010.

On April 26, 2010, *The Wall Street Journal* published an article entitled "Home Care Yields Medicare Bounty." The article called into question whether four home healthcare companies, including Almost Family, were taking advantage of the Medicare reimbursement system. More specifically, the article revealed that the home healthcare companies, such as Almost Family, billed a higher number of the most profitable home therapy visits for their Medicare patients, while at the same time billing fewer of the least profitable therapy visits. Then, on July 1, 2010, before the market opened, Almost Family announced that the Company had received a civil subpoena for documents and a notice of an investigation from the Securities and Exchange Commission ("SEC"). The subpoena seeks all documents relating to "the

Company's home health care services and operations, including reimbursements under the Medicare home health prospective payment system, since January 1, 2000." As a result of this negative news, Almost Family's common stock fell $3.88 per share or 11.11%, on July 1, 2010, on high volume.

### III.  ARGUMENT

As discussed below, Movant satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff. Additionally, Movant's choice of counsel – Cohen Milstein and Ewing McMillin – is more than adequate to prosecute this litigation, and should be appointed as Lead Counsel, and Liaison Counsel, respectively.

#### A. Movant Satisfies the Procedural Requirements For Appointment as Lead Plaintiff

Section 21D of the Exchange Act, 15 U.S.C. § 78u-4, establishes a procedure for the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published on August 3, 2010. *See* Ewing Decl. Ex. A.

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

3

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed expires on October 4, 2010. Movant has moved within the statutory 60-day time period. The motion contains the required certification setting forth, *inter alia*, Movant's transactions in Almost Family common stock during the Class Period, and indicates that Movant has reviewed a complaint filed in the action and is willing to serve as representative party on behalf of the Class. *See* Ewing Decl. Ex. B. In addition, Movant has selected and retained competent and experienced counsel, as set forth in counsel's resume. *See* Cohen Milstein resume at Ewing Decl. Ex. D. As demonstrated in its resumes, proposed Lead Plaintiff Cohen Milstein has developed an excellent reputation for successfully prosecuting federal securities law claims. Likewise, proposed Lead Plaintiff Ewing McMillin has extensive experience in complex litigation and many years of litigation experience in this District.

### B. Movant Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff

#### 1. Movant Is Presumptively the Most Adequate Plaintiff

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person or group of persons who (a) filed the Complaint or made a motion to serve as lead plaintiff; (b) has the largest financial interest in the relief sought by the class; and (c) otherwise satisfies the requirements of Fed. R. Civ. P. 23 and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the

4

class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant satisfies each of these requirements. During the Class Period, Movant suffered losses of approximately $236,398.36 from its purchases of shares in Almost Family. *See* Ewing Decl. Ex. C. Movant believes it has the largest financial interest in the relief sought by the Class. Further, Movant is willing to actively participate in the leadership of this litigation through both personal involvement and consultation with counsel it has chosen.

Because Movant possesses a significant interest in the outcome of this litigation, it is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movant is both qualified to represent the Class and willing to serve as a representative party. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one. Accordingly, Movant satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and the instant motion should be granted.

### 2. Movant Satisfies the Requirements of Rule 23

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Of the requirements of Rule 23(a), only typicality and adequacy "directly address the personal characteristics of class representative" and are at issue on a motion for appointment as lead plaintiff. *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 304 (N.D. Ohio 2005).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "A Plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Minor factual differences between claims do not defeat typicality. *See In re Unumprovident Corp. Sec. Litig.*, No. 1:03-CV-049, 2003 U.S. Dist. LEXIS 24633, at *25 (E.D. Tenn. Nov. 6, 2003) ("Any factual distinctions which may exist are clearly outweighed by the issues of law and fact predominating the claims of all class members."). The typicality requirement is plainly satisfied in the instant case, where Movant seeks the same relief and advances the same legal theories as other Class members.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) [the] plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation." *In re Cardinal Health*, 226 F.R.D. at 305 (citing *In re CMS Energy Sec. Litig.*, No. 02-CV-72004-DT, slip op. at 5 (E.D. Mich. Nov. 14, 2002)).

Movant is an adequate representatives of the Class. Movant purchased shares of the common stock of Almost Family during the Class Period and, like other putative Class members, suffered a loss in the form of diminution of the value of its shares. Moreover, Movant has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, Movant is the paradigmatic lead plaintiff envisioned by Congress – a sophisticated institutional investor with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 11, 104th Cong. 1st Sess. (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("increasing the role of institutional investors in class actions will ultimately benefit the class and courts by improving the quality of representation in securities class actions"); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005) (PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the case, usually a large and sophisticated institution, is accorded the status of lead plaintiff and assigned the right to appoint and duty to monitor lead counsel for the class."). Indeed, courts have recognized that,

> [t]he purpose behind the PSLRA is to prevent 'lawyer-driven' litigation, and to ensure that 'parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs [sic] counsel.' Congress believed this goal could best be achieved by encouraging institutional investors to serve as lead plaintiffs.

*In re Motorola*, 03 Civ. 287, 2003 WL 21673928, at *3 (N.D. Ill. July 16, 2003) quoting *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998).

### C. The Court Should Appoint Cohen Milstein as Lead Counsel and Ewing McMillin as Liaison Counsel

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cardinal Health*, 226 F.R.D. at 305. Movant has selected Cohen Milstein to serve as Lead Counsel and Ewing McMillin to serve as Liaison Counsel, and appointing these firms as such would be prudent to protect the interests of the Class.

7

As detailed in its firm resume, Cohen Milstein has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors.  *See* Ewing Decl. Ex. D.  Likewise, Ewing McMillin, the proposed Liaison Counsel, has extensive experience in complex litigation.  Thus, the Court may be confident that the Class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 5:03CV2166, 2004 U.S. Dist. LEXIS 27043, at *31 (N.D. Ohio May 12, 2004) (appointing lead counsel whose "litigation practice concentrates in the area of securities class actions").

### D.     The Related Actions Should Be Consolidated Pursuant to Rule 42(a)

Fed. R. Civ. P. 42(a) gives the Court "broad discretion to consolidate cases, taking into consideration judicial economy and the risks of separate, inconsistent adjudications."  *FTC v. Integration Media, Inc.*, No. 1:09-cv-1776, 2009 U.S. Dist. LEXIS 81556, at *2 (N.D. Ohio Aug. 24, 2009) (citing *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)).  Indeed, the PSLRA "directs that cases should be consolidated where there is 'more than one action on behalf of a class asserting substantially the same claim or claims.'" *Janovici v. DVI, Inc.*, No. 2:03-CV-4795-LDD, 2003 U.S. Dist. LEXIS 22315, at *11 (E.D. Pa. Nov. 25, 2003) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(ii)).

The Related Actions present virtually identical factual and legal issues, as they arise out of the same alleged violations of the federal securities laws.  Each action has been filed pursuant to Sections 10(b) and 20(a) of the Exchange Act, involves the same parties, and arises from the same underlying facts and circumstances.  Because these actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant

8

to the other. Consolidation of the Related Actions is thus appropriate as common questions of law and fact predominate in these actions. Fed. R. Civ. P. 42(a). Accordingly, the motion to consolidate the Related Actions should be granted.

## IV. CONCLUSION

Based on the foregoing, Movant respectfully requests that the Court: (i) appoint it as Lead Plaintiff; (ii) appoint Cohen Milstein as Lead Counsel and Ewing McMillin as Liaison Counsel; (iii) consolidate the Related Actions; and (iv) grant such other relief as the Court may deem to be just and proper.

Dated: October 4, 2010

EWING MCMILLIN & WILLIS, PLLC

/s/ C. David Ewing

C. David Ewing
1100 Republic Building
429 W. Muhammad Ali Boulevard
Louisville, KY 40202
Tel.: (502) 585-5800
Fax: (502) 585-5858

*Proposed Liaison Counsel*

-and-

COHEN MILSTEIN SELLERS & TOLL
   PLLC
Steven J. Toll
Daniel S. Sommers
Joshua M. Kolsky
1100 New York Avenue N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Tel.: (202) 408-4600
Fax: (202) 408-4699

Joel P. Laitman
Christopher Lometti
88 Pine Street

9

14th Floor
New York, NY 10005
Tel: (212) 838-7797
Fax: (212) 838-7745

***Attorneys for the Connecticut Laborers'
Pension Fund and Proposed Lead
Counsel for the Class***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 4, 2010, I caused this document to be filed through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.  In addition, I hereby certify that I will send a true and correct copy of the foregoing via U.S. Mail to the following:

Wilmer Cutler Pickering Hale & Dorr LLP
Bruce E. Coolidge
1875 Pennsylvania Avenue NW
Washington, DC 20006

Boehl Stopher & Graves LLP
Edward H. Stopher
2300 Aegon Center
400 West Market Street
Louisville, KY 40202


                                                      /s/ C. David Ewing
                                               Ewing, McMillin & Willis, PLLC